# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Case No. 5:15-CV-01863 (VEB)

CASSANDRA SWAN,

               Plaintiff,

DECISION AND ORDER

vs.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

               Defendant.

## I. INTRODUCTION

In December of 2012, Plaintiff Cassandra Swan applied for Supplemental Security Income ("SSI") benefits and Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the applications, in part.

Plaintiff, by and through her attorneys, Robert David Drake, Esq., and Erika Bailey Drake, Esq., commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 10, 19). On August 2, 2016, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 21).

## II. BACKGROUND

Plaintiff applied for benefits on December 4, 2012, alleging disability beginning October 9, 2009, due to various impairments. (T at 134-40, 141-47).[1]  The applications were denied initially and on reconsideration.   Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

On March 26, 2014, a hearing was held before ALJ Sherwin Biesman. (T at 25).  Plaintiff appeared with her attorney and testified. (T at 27-38, 41-43).

On May 23, 2014, the ALJ issued a written decision denying the applications for benefits, in part.  (T at 9-24).  The ALJ's decision became the Commissioner's final decision on July 13, 2015, when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

On September 11, 2015, Plaintiff, acting by and through her counsel, filed this action seeking judicial review of the Commissioner's denial of benefits. (Docket No.

---

[1] Citations to ("T") refer to the administrative record at Docket No. 15.

1). The Commissioner interposed an Answer on January 22, 2016. (Docket No. 15). The parties filed a Joint Stipulation on June 14, 2016. (Docket No. 18).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision must be affirmed and this case be dismissed.

## III. DISCUSSION

### A.    Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process

for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant

work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## B.   Standard of Review

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

DECISION AND ORDER – SWAN v COLVIN 5:15-CV-01863-VEB

1    "The [Commissioner's] determination that a plaintiff is not disabled will be

2    upheld if the findings of fact are supported by substantial evidence." *Delgado v.*

3    *Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial

4    evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119

5    n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d

6    599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a

7    reasonable mind might accept as adequate to support a conclusion." *Richardson v.*

8    *Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and

9    conclusions as the [Commissioner]  may reasonably draw from the evidence" will

10   also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review,

11   the Court considers the record as a whole, not just the evidence supporting the

12   decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir.

13   1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).    It is the role

14   of the Commissioner, not this Court, to resolve conflicts in evidence.  *Richardson*,

15   402 U.S. at 400. If evidence supports more than one rational interpretation, the Court

16   may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at

17   1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision

18   supported by substantial evidence will still be set aside if the proper legal standards

19   were not applied in weighing the evidence and making the decision. *Brawner v.*

20

1    *Secretary of Health and Human Services*, 839 F.2d 432, 433 (9ᵗʰ Cir. 1987). Thus, if

2    there is substantial evidence to support the administrative findings, or if there is

3    conflicting evidence that will support a finding of either disability or non-disability,

4    the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226,

5    1229-30 (9ᵗʰ Cir. 1987).

6    **C.    Commissioner's Decision**

7         The ALJ determined that Plaintiff had not engaged in substantial gainful

8    activity since October 9, 2009, the alleged onset date, and met the insured status

9    requirements of the Social Security Act through December 31, 2010. (T at 15).  The

10   ALJ found that, as of the alleged onset date, Plaintiff's degenerative disc disease,

11   obesity, and carpal tunnel syndrome were "severe" impairments under the Act. (Tr.

12   15).  The ALJ determined that as of January 24, 2013, Plaintiff had those severe

13   impairments, along with breast cancer. (T at 15).

14        However, the ALJ concluded that Plaintiff did not have an impairment or

15   combination of impairments that met or medically equaled one of the impairments

16   set forth in the Listings. (T at 16).

17        The ALJ determined that, prior to January 24, 2013, Plaintiff retained the

18   residual functional capacity ("RFC") to a full range of light work as defined in 20

19   CFR § 416.967 (b). (T at 16).  The ALJ found that as of January 24, 2013 (the

20

"established onset date"), Plaintiff retained the RFC to perform sedentary work, as defined in 20 CFR § 416.967 (a), with the following limitations: no lifting more than 10 pounds occasionally and 5 pounds frequently; no sitting more than 2 hours in an 8-hour workday; and no standing and/or walking more than 2 hours in an 8-hour workday. (T at 19).

The ALJ concluded that, prior to the established onset date, Plaintiff could perform her past relevant work as a pharmaceutical sales representative. (T at 20). However, the ALJ found that Plaintiff could not perform her past relevant work as of the established onset date. (T at 20). Considering Plaintiff's age as of the established onset date, education (limited), work experience (no transferrable work skills), and residual functional capacity, the ALJ found that there were no jobs that exist in significant numbers in the national economy that Plaintiff could perform as of the established onset date. (T at 20-21). Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act prior to January 24, 2013, and was thus not entitled to benefits prior to that date, but became disabled as of that date. (T at 21). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

**D.    Disputed Issues**

DECISION AND ORDER – SWAN v COLVIN 5:15-CV-01863-VEB

As set forth in the Joint Stipulation (Docket No. 18, at p. 3), Plaintiff offers three (3) main arguments in support of her claim that the unfavorable portion of the Commissioner's decision should be reversed.   First, she contends that the ALJ should have consulted a medical expert prior to determining the disability onset date. Second, Plaintiff argues that the ALJ erred when determining her RFC prior to the established onset date.   Third, Plaintiff challenges the ALJ's credibility determination.  This Court will address each argument in turn.

## IV. ANALYSIS

### A.   Date of Disability Onset

Plaintiff was diagnosed with right breast cancer, stage 2, in October of 2012. (T at 31, 156, 267).   She began chemotherapy on January 24, 2013. (T at 19). Chemotherapy was completed on May 9, 2013, and was followed by a right lumpectomy (in October 2013) and radiation therapy treatment (beginning in March of 2014).  Plaintiff complained of residual headaches, occasional nausea, peripheral neuropathy, and low back pain. (T at 19).  The ALJ concluded that "[g]iven these significant cancer treatment modalities, it [was] reasonable to expect [Plaintiff] will have considerable lifting, sitting, standing, and walking limitations." (T at 19).  As

DECISION AND ORDER – SWAN v COLVIN 5:15-CV-01863-VEB

1    such, the ALJ found the established disability onset date to be January 24, 2013, the

2    date Plaintiff's chemotherapy treatment began. (T at 19-20).

3          Plaintiff challenges this conclusion, arguing that the ALJ should have

4    consulted a medical expert before determining the disability onset date.

5          SSR 83-20 addresses cases where, as here, there is no precise evidence as to

6    the date of disability onset.  SSR 83-20 explains that in such cases it may be possible

7    to "reasonably infer" the date of onset, but notes that this inference "must have a

8    legitimate medical basis."  In addition, the ALJ "*should* call on the services of a

9    medical advisor when onset must be inferred." (emphasis added).

10         Ninth Circuit case law suggests that "should" in this context means "must."

11   *Armstrong v. Comm'r of SSA*, 160 F.3d 587, 590 (9th Cir. 1998)(citing *DeLorme v.*

12   *Sullivan*, 924 F.2d 841, 848 (9th Cir. 1991).  In other words, "[i]f the 'medical

13   evidence is not definite concerning the onset date and medical inferences need to be

14   made, SSR 83-20 *requires* the administrative law judge to call upon the services of a

15   medical advisor and to obtain all evidence which is available to make the

16   determination.'" *Id.* (*quoting DeLorme*, 924 F.2d at 848)(emphasis added).

17         Plaintiff reads *Armstrong* as establishing a *per se* rule, whereby the ALJ is

18   never permitted to make any inference regarding the onset date without engaging the

19   services of a medical expert.  This Court finds that reading overly broad.   In

20
DECISION AND ORDER – SWAN v COLVIN 5:15-CV-01863-VEB

1   *Armstrong*, the Ninth Circuit cited several items from the medical record that

2   suggested the claimant's impairments could have been disabling prior to the date

3   determined by the ALJ. *Armstrong*, 160 F.3d at 591.  Based on this evidence, the

4   court found that the date of onset was "unclear" and "[t]herefore, the ALJ was

5   required to call a medical expert to aide in determining the date of onset." *Id.*

6        The use of the word "unclear" is significant.  If the Ninth Circuit had intended

7   to create a bright-line rule, whereby no *inference* could ever be made regarding the

8   onset date without a medical expert, it would not have used this qualifier and would

9   not have cited the evidence indicating that the claimant's disability pre-dated the

10  onset date determined by the ALJ.   In other words, the rationale offered by the

11  Ninth Circuit indicates that medical expert consultation is required where the record

12  is *unclear* as to the claimant's limitations prior to the date determined by the ALJ,

13  but it is not the case that the ALJ can never *infer* from the record that the claimant

14  became disabled as of a certain date unless he or she has consulted a medical expert.

15       This Court's interpretation of *Armstrong* is consistent with other decisions

16  faced with the same issue.  *See Lair-Del Rio v. Asture*, 380 Fed. Appx. 694, 696 (9th

17  Cir. 2010)("[A]n ALJ must call a medical expert where the onset date of the

18  disability is unclear.")(citing *Armstrong*); *Morris v. Colvin*, No. 3:15-cv-01919,

19  2016 U.S. Dist. LEXIS 109133, at *11 (D. Or. Aug. 17, 2016)("The Ninth Circuit

20

has interpreted SSR 83-20 to require that the ALJ call a medical expert to assist in determining the onset date of disability when the medical record is ambiguous as to the onset date."); *Richardson v. Astrue*, No. 11-CV-1332, 2012 U.S. Dist. LEXIS 169811, at *12-14 (N.D. Cal. Nov. 26, 2012)(finding that ALJ was not required to consult medical expert because record was "complete and unambiguous" and determination as to onset date was supported by substantial evidence);

In this case, the ALJ's conclusion that Plaintiff was not disabled prior to January 24, 2013, was supported by substantial evidence. The ALJ was not required to consult a medical expert because the record was complete and unambiguous on this point.   Indeed, there is a lack of evidence of disability prior to the date determined by the ALJ.

Plaintiff was involved in a motor vehicle accident in May of 2012 (T at 272), but there is no evidence of functional limitations arising from any injuries she sustained.  A mass was detected in her right breast in September of 2012 (T at 274) and breast cancer was diagnosed in October 2012 (T at 296).   A biopsy was performed in November of 2012 and an examination later that month indicated a malignant mass. (T at 268, 283, 340).

However, the ALJ reasonably concluded that Plaintiff was not disabled during this period.  It is well-settled that diagnostic testing and the diagnosis itself do not

establish the disability onset date. *See Swanson v. Sec'y of Health & Human Srvcs.*, 763 F.2d 1061, 1065 (9th Cir. 1985)("[W]e caution that the critical date is the date of *onset* of disability, *not* the date of diagnosis.")(emphasis original).

Dr. Halline Overby, Plaintiff's treating physician, completed a medical opinion questionnaire on February 27, 2013, in which the physician indicated a diagnosis of right breast cancer; reported that Plaintiff experienced symptoms of nausea, vomiting, numbness in her feet, and skin rash; opined that Plaintiff was limited as a result of decreased energy; and stated that the date of onset of significant symptoms was November 1, 2012. (T at 305-306).

However, the ALJ reasonably discounted Dr. Overby's assessment regarding the onset date.  Dr. Overby did not provide any explanation or clinical findings to support this particular aspect of the opinion.  The ALJ is not obliged to accept a treating source opinion that is "brief, conclusory and inadequately supported by clinical findings." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1044-45 (9th Cir. 2007) (citing *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)).  Moreover, Dr. Overby did not even begin treating Plaintiff until December 30, 2012 (T at 306), and thus could not have examined or treated Plaintiff prior to that date.  Further, the symptoms described by Dr. Overby are symptoms that arose from Plaintiff's cancer treatment, which did not begin until January 24, 2013.

DECISION AND ORDER – SWAN v COLVIN 5:15-CV-01863-VEB

Plaintiff argues that the selection of January 24, 2013 as the onset date was "arbitrary."  However, the ALJ offered a rationale, rooted in substantial evidence, for concluding that Plaintiff's aggressive cancer treatment – which began on that date – caused additional functional limitations resulting in disability.  This Court is obliged to defer to that interpretation, which is supported by substantial evidence. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)(holding that if evidence reasonably supports the Commissioner's decision, the reviewing court must uphold the decision and may not substitute its own judgment).

**B.   RFC Determination**

The ALJ determined that, prior to January 24, 2013, Plaintiff retained the residual functional capacity ("RFC") to perform the full range of light work. (T at 16).  Plaintiff challenges this conclusion, arguing that the ALJ failed to properly account for her carpal tunnel syndrome, need for a change of position, and mental impairment when determining her RFC.

For the following reasons, this Court finds the ALJ's decision supported by substantial evidence.

Plaintiff does not cite any objective evidence of limitation arising from her carpal tunnel syndrome.  The ALJ noted that Plaintiff had surgery for carpal tunnel in 1998, but the record documented infrequent complaints and conservative

treatment thereafter. (T at 17). For example, diagnostic testing was generally normal (T at 775) and treatment consisted of one session of physical therapy (Plaintiff was discharged from therapy for failure to attend appointments) (T at 228-29). In 2013, Dr. Aida Cruz, a consultative examiner, assessed no limitations with regard to fine motor skills and found normal range of motion, flexes, motor strength, and sensation in the wrists and hands. (T at 316). *See Johnson v. Shalala*, 60 F.3d 1428,1434 (9th Cir. 1995)(finding that fact that claimant received only conservative treatment for back injury was a clear and convincing reason for disregarding testimony that the claimant is disabled).

With regard to Plaintiff's alleged mental impairments, the ALJ noted that Plaintiff had "never received outpatient psychiatric treatment, been psychiatrically hospitalized, or taken any psychotropic medication." (T at 16).   Progress notes generally showed normal mood, affect, and judgment. (T at 239, 243).   Dr. Sohini P. Parikh performed a psychiatric consultative examination in March of 2013.   Dr. Parikh concluded that Plaintiff "did not seem to have any impairment in the ability to reason and make social, occupational, and personal adjustments" and found no mental health related limitations. (T at 328-29).

As to the change position limitation, it is the case that Dr. Timothy Hunt, a consultative examiner, opined in October of 2009 that Plaintiff could not perform

DECISION AND ORDER – SWAN v COLVIN 5:15-CV-01863-VEB

1  "very heavy work" and could not sit for more than 90 minutes at a time without the

2  opportunity to change positions for up to 15 minutes at a time. (T at 440).  The ALJ

3  accepted the heavy lifting limitation, but did not adopt the change position

4  limitation. (T at 18).  The ALJ's decision was consistent with the conclusion of Dr.

5  E. Christian, a non-examining State Agency review physician, who opined that

6  Plaintiff could perform light work, with no change position requirement. (T at 54).

7  *See Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996); *see also* 20 CFR § 404.1527

8  (f)(2)(i)("State agency medical and psychological consultants and other program

9  physicians, psychologists, and other medical specialists are highly qualified

10  physicians, psychologists, and other medical specialists who are also experts in

11  Social Security disability evaluation.").  The ALJ also concluded that the change

12  position requirement was inconsistent with findings showing only mild disc

13  degeneration in the lumbar spine. (T at 18, 318).  In addition, an October 2013

14  treatment note reported that, prior to starting chemotherapy, Plaintiff "was walking

15  regularly" for "60 minutes at a fast pace." (T at 398).

16  Plaintiff argues that the ALJ should have weighed the evidence differently and

17  resolved the conflict in favor of a finding of disability prior to January 24, 2013.

18  However, it is the role of the Commissioner, not this Court, to resolve conflicts in

19  evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Richardson*, 402

20

DECISION AND ORDER – SWAN v COLVIN 5:15-CV-01863-VEB

U.S. at 400.   If the evidence supports more than one rational interpretation, this Court may not substitute its judgment for that of the Commissioner. *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the Commissioner's finding is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Here, the ALJ's decision was supported by substantial evidence and must therefore be sustained.

## C.     Credibility

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

DECISION AND ORDER – SWAN v COLVIN 5:15-CV-01863-VEB

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, Plaintiff testified as follows:  She completed high school through the 11th grade and eventually obtained an equivalency diploma. (T at 28).   She stopped working in 2007. (T at 30).  She alleges that she became disabled in October of 2009 following a fall. (T at 31).  She injured her back in a car accident in May of 2012. (T at 31).   Her chemotherapy caused fatigue, weakness, vomiting, sores, rashes, and neuropathy. (T at 35).  Her husband helps her with her needs and does the driving. (T at 36).  She had MRIs of her back, but never had surgery. (T at 42).

The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that her statements regarding the intensity, persistence, and limiting effects of the symptoms were not fully credible prior to January 24, 2013. (T at 17).

For the reasons that follow, this Court finds the ALJ's decision consistent with applicable law and supported by substantial evidence.  First, as noted above, there is a lack of evidence of disabling limitations prior to January 24, 2013.  Although lack

of supporting medical evidence cannot form the sole basis for discounting pain testimony, it is a factor the ALJ may consider when analyzing credibility. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). In other words, an ALJ may properly discount subjective complaints where, as here, they are contradicted by medical records. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008); *Thomas v. Barnhart,* 278 F.3d 947, 958-59 (9th Cir. 2002).

Second, the ALJ reasonably concluded that Plaintiff's course of treatment for her back pain and carpal tunnel was very conservative and inconsistent with claims of disabling pain and limitation.  Plaintiff treated her carpal tunnel syndrome with therapy and was discharged from therapy after only one visit. (T at 228-29). Plaintiff apparently saw an orthopedic surgeon (the ALJ, in error, indicated that no such surgeon has been consulted), but surgery was not recommended. (T at 428). Plaintiff's pain was treated with "over-the-counter analgesic medication, when needed." (T at 428).  "Evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding the severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007).

The ALJ also gave germane reasons for discounting the lay opinion provided by Plaintiff's daughter. (T at 174-82).  "Testimony by a lay witness provides an important source of information about a claimant's impairments, and an ALJ can

1 reject it only by giving specific reasons germane to each witness." *Regennitter v.*
2 *Comm'r*, 166 F.3d 1294, 1298 (9th Cir. 1999).   The lay statement essentially
3 mirrored Plaintiff's subjective complaints, which the ALJ properly discounted for
4 the reasons stated above.   Reasons sufficient for discounting a claimant's complaints
5 are likewise "germane" reasons that justify discounting a lay opinion that mirrors
6 those complaints. *See Valentine v. Astrue*, 574 F.3d 685, 694 (9th Cir. 2009); *Molina*
7 *v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012).

8

9                                        **V. CONCLUSION**

10      After carefully reviewing the administrative record, this Court finds
11 substantial evidence supports the Commissioner's decision, including the objective
12 medical evidence and supported medical opinions. It is clear that the ALJ thoroughly
13 examined the record, afforded appropriate weight to the medical evidence, including
14 the assessments of the treating and examining medical providers and medical
15 experts, and afforded the subjective claims of symptoms and limitations an
16 appropriate weight when rendering a decision that Plaintiff was not disabled prior to
17 January 24, 2013. This Court finds no reversible error and because substantial
18 evidence supports the Commissioner's decision, the Commissioner is GRANTED

19

20                                              20

summary judgment and that Plaintiff's motion for judgment summary judgment is DENIED.

## VI. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered AFFIRMING the Commissioner's decision and DISMISSING this action, and it is further ORDERED that

The Clerk of the Court file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case.

DATED this 25th day of November, 2016,


/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE